Mark D. Mailman, I.D. No. MDM 1122
John Soumilas, I.D. No. JS 0034
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

**Attorneys for Plaintiff**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALBERT KNIGHT ) <br> on behalf of himself and all others ) <br> similarly situated ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> CHOICEPOINT, INC. ) <br> and ) <br> CHOICEPOINT SERVICES, INC. ) <br> and ) <br> NATIONAL DATA RETRIEVAL, INC. ) <br> and ) <br> SUPERIOR INFORMATION SERVICES, INC. ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** <br> **NON-ARBITRATION** |

### CLASS ACTION COMPLAINT

### I.  PRELIMINARY STATEMENT

1. This is a consumer class action based upon Defendants' widespread violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 – 1681x ("FCRA"). The right of consumers to inspect and correct credit data sold about them is at the heart of the FCRA. Defendants have willfully deprived thousands of consumers of this right. They have done so knowingly and in a deliberate attempt to escape the responsibilities and expenses that come with FCRA compliance. Defendants, individually and in concert with each other, have regularly been selling for a fee to

third party credit bureaus information about bankruptcies allegedly filed by individual New Jersey consumers as well as civil judgments and tax liens allegedly lodged against and owed by individual New Jersey consumers.  Defendants compile and maintain select data concerning these types of credit records in one of more private computer database.  Defendants have known that the public record reports that they sell from their database(s) are expected to be used and are, in fact, used in connection with eligibility determinations for consumer credit, employment and insurance.  Defendants thus function as consumer reporting agencies ("CRAs") under the FCRA.  Nevertheless, Defendants intentionally have failed to comply with any of the provisions of the FCRA concerning CRAs with respect to public records.  As a result, Defendants deprive New Jersey consumers of rights afforded to them by the FCRA to obtain free of charge a copy of the reports that the Defendants sell about them, to dispute (and to have corrected) any inaccurate or incomplete information that the Defendants are reporting, and to require that the Defendants only report information that adheres to the FCRA standard of maximum possible accuracy.

## II.   JURISDICTION AND VENUE

2.   Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.   Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III.   PARTIES

4.   Plaintiff Albert Knight is an adult individual who resides at 33 Waverly Road, Marlton, NJ  08053.

5.   Defendant ChoicePoint, Inc. is a business entity that provides background screening services, decision-making intelligence, public record reports and operates as a consumer reporting agency.  Defendant regularly conducts business in the State of New Jersey,

2

and has operated places of business concerning the reporting of public records information located at 7 Foster Avenue, Suite 200, Gibbsboro, NJ 08026 and at 300 Phillips Boulevard, Suite 500, Ewing, NJ 08618.

6.  Defendant ChoicePoint Services, Inc. is a business entity that provides background screening services, decision-making intelligence, public record reports and operates as a consumer reporting agency. Defendant regularly conducts business in the State of New Jersey, and has operated places of business concerning the reporting of public records information located at 7 Foster Avenue, Suite 200, Gibbsboro, NJ 08026 and at 300 Phillips Boulevard, Suite 500, Ewing, NJ 08618.

7.  Defendant National Data Retrieval, Inc. ("NDR") is a business entity that provides background screening services, decision-making intelligence, public record reports and operates as a consumer reporting agency. Defendant regularly conducts business in the State of New Jersey. Based upon Plaintiff's information and belief, NDR was acquired by Defendant ChoicePoint, Services, Inc. and/or Defendant ChoicePoint, Inc.

8.  Defendant Superior Information Services, Inc. ("Superior") is a business entity that provides background screening services, decision-making intelligence, public record reports and operates as a consumer reporting agency. Defendant regularly conducts business in the State of New Jersey. Based upon Plaintiff's information and belief, NDR was acquired by Defendant ChoicePoint, Services, Inc. and/or Defendant ChoicePoint, Inc.

9.  Defendant ChoicePoint, Inc. operates and controls Defendants ChoicePoint Services, Inc., NDR and Superior. Upon information and belief, Defendants act collectively and in concert with each other.

3

## IV. FACTUAL ALLEGATIONS

### A. Defendants Function As A Consumer Reporting Agency

10. Defendants employ and reply upon various employees, agents and contactors for the purposes of gathering public records reports concerning, among other things, bankruptcies, civil judgments and tax liens.

11. Defendants' agents sometimes gather public records data from courthouses and other government buildings and other times gather such data by going "online."

12. Defendants do not gather the complete court or government files concerning any particular bankruptcy, civil judgment or tax lien, but only select data as requested by their clients who purchase it.

13. The public records data relates to individual consumers, not businesses.

14. Defendants assemble and maintain the public records data that they collect in one or more private computer databases.

15. From their database(s) Defendants regularly sell public records data concerning bankruptcies, civil judgment and tax liens to third parties, including Trans Union, Equifax and Experian.

16. Defendants regularly sell and communicate public record data to the above third parties for a fee, charging a fee for each such public record sold.

17. Defendants know that the public record data they regularly sell to Trans Union, Equifax and Experian will be placed in consumer credit reports that are expected to be used and are, in fact, used in connection with consumer credit, employment and insurance transactions.

18. Defendants further know that public records data is viewed as derogatory in nature and can be a basis to deny consumers credit, employment or insurance, or to offer them only adverse rates and terms of credit or insurance.

19. Defendants further know that in other contexts federal courts have found ChoicePoint, Inc. and ChoicePoint Services, Inc. to have the obligations of consumer reporting agencies under the FCRA.

20. Defendants engage in tens of thousands of transactions concerning the communication and/or sale of public records data concerning New Jersey consumers per year.

21. Defendants have knowingly and deliberately decided that they will not comply with the FCRA as consumer reporting agencies with respect to the public record data sales and communications discussed above.

22. By regularly selling public record data for a fee with the anticipated or expected use of such reports by the entities referenced above, Defendants operate as "consumer reporting agencies" ("CRAs"), consumer reporting agencies "that compile and maintain files on consumers on a nationwide basis," and national specialty consumer reporting agencies ("NSCRAs") as defined by 15 U.S.C. § 1681a(f), a(p) and a(w), respectively.

23. Among other things, the FCRA regulates the collection, maintenance, and disclosure of consumer report information by CRAs and NSCRAs.

24. Despite the fact that Defendants assemble and compile public records data for sale, Defendants will not disclose the contents of those reports to New Jerseyans or the persons about whom they sell reports.

25. Further, Defendants do not maintain any toll-free telephone numbers or any other means available to consumers to directly contact any of Defendants in order to dispute and correct any errors on the reports Defendants sell about them.

26. Importantly, Defendants do not comply with the FCRA's requirement of following procedures that assure "maximum possible accuracy" concerning the information in their reports.

27. As a consequence of their failure to comply with the FCRA in any way, Defendants routinely make mistakes, misidentifying the nature of the public records data they sell, and further have no procedure for correcting such harmful mistakes.

### B. The Experience of The Representative Plaintiff

28. Plaintiff is but one innocent consumer about whom Defendants sold inaccurate information behind the scenes.

29. In 2006, Plaintiff learned that the national credit bureaus were reporting that he allegedly owed Capital One Bank a civil judgment of $1,279.

30. On information and belief, Plaintiff avers that Defendants sold this public record data concerning the Capital One Bank civil judgment to the national credit bureaus.

31. Defendants even verified to one or more national credit bureaus in October 2006 through a separate communication for a fee that the Capital One Bank judgment was accurately reported as owed by Plaintiff.

32. In fact, the Capital One Bank civil judgment was not owed by Plaintiff, but by a different consumer named "Albert Knight." Capital One Bank's attorneys sued the correct debtor but made a mistake in using Plaintiff's address in a subsequent pleading.

6

33. Although Plaintiff sought to correct this harmful error that was misreporting as his credit obligation, Defendants intentionally kept their identity hidden as the credit bureaus' source of the public record data.

34. Because of Defendants' failure to abide by the FCRA as CRAs, Plaintiff was unable to obtain and review the information that the Defendants were reporting about him, dispute this gross inaccuracy with the Defendants, and ascertain all of the sources to whom Defendants have sold this information and the dates on which such information was sold.

35. Neither Plaintiff nor any of the Class members as set forth below are aware of the existence of Defendants' identity. It was only through Plaintiff's retention of counsel that he came to learn of Defendants.

36. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

37. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## V.  CLASS ACTION ALLEGATIONS

38. Plaintiff brings this action on behalf of the following Class: All persons residing in New Jersey about whom Defendants communicated any bankruptcy, civil judgment or tax lien information to Trans Union, LLC, Equifax Information Services, LLC, Experian Information Solutions, Inc., or any other credit bureaus, creditors, employers, or insurers during the period

7

beginning five (5) years prior to the filing of this Complaint and continuing through the date of the resolution of this case.

39. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendants, Plaintiff avers upon information and belief that the Class numbers in the thousands.

40. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal questions concern whether the Defendants willfully and/or negligently violated the FCRA by failing to provide consumers with access to public records reports that they sell about them, as well as a mechanism to dispute and correct errors in those reports.

41. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

42. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel experienced in handling consumer class actions. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this claim.

43. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of

other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

44. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

45. Whether Defendants violated the FCRA can be easily determined by Defendants' policies and a ministerial inspection of Defendants' business records.

46. A class action is a superior method for the fair and efficient adjudication of this controversy. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be derived from Defendants' records.

## VI. CAUSES OF ACTION

### Count One - FCRA

47. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

48. Pursuant to section 1681n of the FCRA, Defendants are liable for willfully violating the FCRA by engaging in the following conduct:

(a) failing to provide consumers such as Plaintiff with a mechanism and/or process for accessing reports and information maintained and sold about them by Defendants in violation of 15 U.S.C. § 1681g;

9

(b) failing to provide consumers such as Plaintiff with a mechanism and/or process for disputing inaccuracies in reports sold about them and refusing to accept such disputes in violation of 15 U.S.C. § 1681i;

(c) failing to follow reasonable procedures to assure maximum possible accuracy of the reports it sold in violation of 15 U.S.C. § 1681e(b);

(d) failing to make all disclosures and perform all responsibilities imposed upon consumer reporting agencies by the FCRA.

## VII. JURY TRIAL DEMAND

49. Plaintiff demands trial by jury on all issues so triable.

## VIII. PRAYER FOR RELIEF

50. WHEREFORE, Plaintiff seeks judgment in favor of himself and the Class for the following:

A. A determination that this action may proceed and be maintained as a class action;

B. Statutory damages of $100 to $1,000 per Class member for willful violations of the FCRA;

C. Punitive damages;

D. Costs and reasonable attorney's fees pursuant to section 1681n of the FCRA;

E. An order determining that Defendants are covered by the FCRA as consumer reporting agencies with respect to their sale of public records data and directing Defendants to comply with all statutory requirements for consumer reporting agencies;

F. Such other and further relief as may be necessary, just and proper.

## IX. DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates James A. Francis and John Soumilas as trial counsel in the above-captioned matter. Plaintiff reserves the right to amend this designation as necessary.

                Respectfully submitted,
                **FRANCIS & MAILMAN, P.C.**

BY:   /s/ John Soumilas
                JAMES A. FRANCIS
                MARK D. MAILMAN
                JOHN SOUMILAS
                Land Title Building, 19th Floor
                100 South Broad Street
                Philadelphia, PA 19110
                (215) 735-8600

                **DONOVAN SEARLES, LLC**
                DAVID A. SEARLES
                1845 Walnut Street, Suite 1100
                Philadelphia, PA 19103
                (215) 732-6067

                Attorneys for Plaintiff and the Class

Dated: September 18, 2008