UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                                   :
ALBERT KNIGHT,                     :
                                   :   Civil Action No.
              Plaintiff,           :   08-4676-NLH-kmw
                                   :
         v.                        :
                                   :   OPINION
CHOICEPOINT, INC., et al.,         :
                                   :
              Defendants.          :
_____:
```

**APPEARANCES**:

James A. Francis, Esquire
John Soumilas, Esquire
Gregory Gorski, Esquire
FRANCIS & MAILMAN, P.C.
Land Title Building, 19th Floor
100 South Broad Atreet
Philadelphia, PA 19110

   *Attorneys for Plaintiff*

James F. McCabe, Esquire (pro hac vice)
James R. McGuire, Esquire (pro hac vice)
MORRISON & FOERSTER LLP
420 Market Street
San Francisco, CA 94105-2482

Jeffrey T. Cox, Esquire (pro hac vice)
Ronald I. Raether, Jr., Esquire (pro hac vice)
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza S.W.
10 North Ludlow Street
Dayton, OH 45402

Mark A. Aronchick, Esquire (pro hac vice)
Sharon F. McKee, Esquire
HANGLEY, ARONCHICK, SEGAL & PUDLIN, P.C.
20 Brace Road, Suite 201
Cherry Hill, NJ 08034

   *Attorneys for Defendants ChoicePoint Inc., ChoicePoint Services Inc., National Data Retreival Inc., and Superior Information Services Inc.*

**HILLMAN, District Judge**

This matter comes before the Court on the motion of Defendants, ChoicePoint, Inc., ChoicePoint Services, Inc., National Data Retreival, Inc., and Superior Information Services, Inc. ("collectively "Defendants"), to dismiss Plaintiff, Albert Knight's, Amended Complaint. For the reasons expressed below, Defendants' motion will be granted.

I.  **BACKGROUND**

Since Defendants move to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), all facts alleged in the Amended Complaint are assumed to be true. In 2006, Plaintiff learned that the national credit bureaus were reporting that he had an outstanding civil judgment against him. This judgment, however, was not owed by Plaintiff, but by another individual named "Albert Knight." Plaintiff took steps to correct this error, but encountered difficulty obtaining the information being reported about him. After retaining counsel, Plaintiff learned that Defendants supplied the information to the national credit bureaus.

Defendants collect information regarding bankruptcies, civil judgments, and tax liens for sale to third parties. Defendants do not disclose the information they collect to the individuals it is about before selling it. Nor do they maintain any toll-free telephone number, or any other means, for individuals to

contact them to dispute the accuracy of the information collected.

On September 18, 2008, Plaintiff filed his initial Complaint in this matter, alleging that Defendants' conduct violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq. Defendants moved to dismiss Plaintiff's Complaint on February 2, 2009. In response, Plaintiff filed an Amended Complaint on April 20, 2009. The Amended Complaint alleges that Defendants violated the FCRA in three distinct ways: (1) by willfully failing to provide consumers such as Plaintiff with a mechanism and/or process for accessing reports and information maintained and sold about them in violation of 15 U.S.C. § 1681g; (2) failing to provide consumers such as Plaintiff with a mechanism and/or process for disputing inaccuracies in reports sold about them and refusing to accept such disputes in violation of 15 U.S.C. § 1681i; and (3) failing to follow reasonable procedures to assure maximum possible accuracy of the reports it sold in violation of 15 U.S.C. § 1681e(b). On September 25, 2009, Defendants filed the instant Motion to Dismiss.

**II.  DISCUSSION**

**1.    Jurisdiction**

The Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 since Plaintiff's FRCA claim raises a federal question.

3

**2.   Analysis**

Defendants argue that the Amended Complaint must be dismissed for failure to state a claim for two main reasons. First, Defendants assert, the Amended Complaint fails to distinguish between any of the four defendants or attribute particular conduct to a specific defendant, such that none of them have proper notice of what they are alleged to have done. Second, Defendants argue that the Amended Complaint failed to allege the factual predicates necessary to show that they are "consumer reporting agencies" or filed "consumer reports" under the FCRA.

In response, Plaintiff argues that the Motion to Dismiss must be denied because it raises new defenses that were not brought in Defendants' first motion to dismiss and were hence waived. Further, Plaintiff counters Defendants two arguments that the Amended Complaint fails to state a claim. First, Plaintiff asserts that he has properly alleged claims against all four Defendants. Second, Plaintiff asserts that he has sufficiently pled that Defendants are "credit reporting agencies" and file "consumer reports" to state a claim under the FCRA. In support of this proposition, Plaintiff has cited a number of cases in which Defendants, or entities affiliated with them, were allegedly found to be "credit reporting agencies." Plaintiff also cited two very recent cases decided in the Eastern District

4

of Pennsylvania, <u>Breslin v. Trans Union, LLC</u>, No. 08-2236, slip op. (E.D. Pa. Oct. 21, 2009) and <u>Marricone v. Experian Informatino Solutions Inc.</u>, No. 09-1123, 2009 WL 3245417 (E.D. Pa. Oct. 6, 2009), that allegedly decided nearly identical motions to dismiss in favor of the plaintiffs against Defendants and entities affiliated with them.

As an initial matter, the Court finds that Defendants' arguments are not prohibited simply because they were not raised in their initial motion to dismiss.  Plaintiff argues that Fed. R. Civ. P. 12(g)(2) only allows a defendant one opportunity to raise defenses or objections to the pleadings.  However, the Court never reached the merits of Defendants' first motion to dismiss because Plaintiff elected to amend his complaint.  <u>See, e.g.</u>, <u>Wright v. Cuyler</u>, 517 F. Supp. 637, 639 n.1 (E.D. Pa. 1981) (holding that the defendants did not waive their right to argue that the plaintiff failed to state a claim where the court did not reach the issue on a prior motion to dismiss).  Moreover, even if the Court had reached the merits of Defendants' first motion to dismiss, Rule 12(g)(2) specifically qualifies its limitation with the language "[e]xcept as provided in Rule 12(h)(2)," which allows motions for failure to state a claim to be raised by a motion under Rule 12(c).  <u>See</u> <u>In re Westinghouse Sec. Litig.</u>, No. 91-0354, 1998 U.S. Dist. LEXIS 3033, at *6 (W.D. Pa. 1998) (reviewing Rule 12(h) in permitting motion for failure

5

to state a claim after determination of prior motions in order to prevent unnecessary delay).  Accordingly, Plaintiff's argument on this issue is unavailing.

All of the remaining issues raised in Defendants' motion, as well as Plaintiff's opposition thereto, have been recently addressed in two decisions by the Hon. Robert B. Kugler, U.S.D.J. in the related cases of <u>Knechtel v. Choicepoint, Inc.</u>, No. 08-5018 (RBK/KMW), 2009 WL 4123275 (D.N.J. Nov. 23, 2009) and <u>Carlton v. Choicepoint, Inc.</u>, No. 08-5779 (RBK/KMW), 2009 WL 4127546 (D.N.J. Nov. 23, 2009).  The plaintiffs in both <u>Knechtel</u> and <u>Carlton</u> were represented by the same counsel as Plaintiff here.  Likewise, the defendants in both <u>Knechtel</u> and <u>Carlton</u> were represented by the same counsel as Defendants here.  <u>Knechtel</u>, <u>Carlton</u>, and this case all contain substantively identical allegations, often in identical language.  Further, all of the claims asserted in this case were also asserted in those cases.

In <u>Knechtel</u> and <u>Carlton</u>, Judge Kugler granted the defendants motions to dismiss with respect to the plaintiffs' FCRA claims under Sections 1681g, 1681i, and 1681e(b).  After carefully considering the arguments of the parties, Judge Kugler concluded that "under Plaintiff's allegations, construed in all favorable light, Defendants are a mere purveyor of unadulterated information, which is insufficient to state a claim under the FCRA."  <u>Knechtel</u>, 2009 WL 4123275, at *4; <u>Carlton</u>, 2009 WL

6

4127546, at *4.  In arriving at this conclusion, Judge Kugler specifically considered all of the opinions cited by Plaintiff here in his Opposition Brief, including both Breslin and Marricone.

The Court finds that the issues raised by the parties here are substantively identical to those in Knechtel and Carlton, and finds Judge Kugler's resolution of those issues to be thorough and well-reasoned.  The Court therefore adopts the reasoning of the Knechtel and Carlton decisions, and will grant Defendants' Motion to Dismiss.  The Court also grants Plaintiff leave to amend the Amended Complaint within ten (10) days of the entry of the accompanying Order.  See Shane v. Fauver, 213 F.3d 113, 115-16 (3d Cir. 2000) (holding that court should generally grant leave to amend a complaint dismissed for failure to state a claim).

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss will be granted.  An Order consistent with this Opinion will be entered.

Dated:  June 28, 2010         s/ Noel L. Hillman
                              HON. NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

7